## McCABE, EX PARTE.

STATUTES CONSTRUED:  *County Collectors are Officers.*
   County Collectors are officers under " an act to provide for the approval of
      official bonds of county and township officers," approved March 1, 1875.

PETITION for *Certiorari.*

*Howard* and *Redmond* for Petitioner.

*Henderson*, Attorney-General, *contra*.

ENGLISH, C. J. :

This is an application to this court by M. D. McCabe for
*certiorari.*

The petitioner states, in substance, that on September 2,

1878, he was elected Sheriff of Pulaski county, and on the 12th of October following was commissioned by the Governor as such.

That on January 4, 1879, he presented his bond as collector of taxes for said county, in duplicate, to the County Court for approval, which was approved by the court, and one copy filed with the Auditor of State, and the other in the office of the Recorder of the county to be recorded, etc.

That the Clerk of the Circuit Court and *ex-officio* Recorder, without the knowledge of petitioner, presented said bond to the Circuit Court of said county for approval, and said court, on February 8, 1879, disapproved said bond, and ordered petitioner to file a new bond as collector.

The petitioner submits that the Circuit Court acted without authority of law in the matter, and prays that the record of its proceedings be brought before this court on *certiorari*, and its order disapproving his bond, and requiring him to execute a new bond be quashed.

The transcript accompanying the petition shows, that on February 8, 1879, the matter of the approval of the bond of McCabe as collector, was taken up in the Circuit Court, it being in term, and on behalf of McCabe it was objected that the County Court had approved the bond, and that the Circuit Court had no jurisdiction of the matter, but the court overruled the objection.

Then follows this order:

"And it further appearing that said bond is in the penal sum of $350,000, and that the sureties are qualified in the aggregate sum of only $177,000, it is ordered, considered and adjudged that said bond be rejected, and that said McCabe be directed to furnish a good bond, with qualification of sureties to the full sum of $350,000, within fifteen days herefrom."

On behalf of Pulaski county, a demurrer was interposed

to the petition for *certiorari*, and the cause submitted on the demurrer.

At the time of the adoption of the present constitution, the law provided that the bond of the collector, as well as the bonds of other county officers, should be approved by the Board of Supervisors, which had taken the place of the County Court. See Gantt's Digest, secs. 5154-6.

On March 1, 1875, after the adoption of the present constitution, which restores the County Courts to our judicial system, the Legislature passed "*an act providing for the approval of official bonds of township and county officers,*" which repealed all laws in conflict with the act. Acts of 1874-5, p. 192.

By the first section of this act it is provided: "That the official bonds of county and township officers shall be approved by the Circuit Court; *provided*, however, that the judge of the Circuit Court, or the judge of the County Court in vacation, subject to confirmation or rejection by the Circuit Court, may approve the bonds of such officers in vacation," etc.

This act has not been repealed, but is still in force.

The counsel for the relator submits that collectors are not embraced by the provisions of this act.

The constitution provides that the Sheriff shall be *ex-officio* collector of taxes, unless otherwise provided by law. Sec. 4, art. 7.

The relator, under existing laws, holds two offices; he holds the office of sheriff, and he holds the office of collector. They are distinct offices though held by the same person, and he is required to give bond as sheriff, and also to give bond as collector. Gantt's Digest, chap. 123, and Ib. secs. 5154-6. See *Lee County* v. *Abraham*, 31 Ark., 571. Miller's Digest, secs. 107-9, etc.

In this county, as in others, the collector is a very impor-. tant county officer. He collects, not only the revenue of the. county, but of the State, the city, and the district schools, and whatever motive induced the Legislature to require the bonds. of county officers to be approved by the Circuit Court, applies. with full force to the bond of a collector. There is no good reason why the collector should be excepted out of the provis-. ions of the act.

It is manifest that Auditor Miller, in making up *sections 105 and 106* of his *Digest of the Revenue Laws* of the. State, overlooked the act of *March 1, 1875*, but this digest has not been enacted as law, and it repeals nothing.

The demurrer to the petition is sustained, and the writ of· *certiorari* refused.