## FALCONER v. SHORES.

1. COLLECTOR OF REVENUE: *Office forfeited if bond no given in prescribed time.*

The sheriff is by law *ex-officio* collector of revenue, but if he fails to give bond as such collector by the time prescribed by the Statute (the first Monday in January), he forfeits the office, and cannot be restored to it by executing the bond afterwards.

2. SAME: *Appointment of successor on failure to give bond.*

Upon the failure of a sheriff to give bond as collector of revenue within the time prescribed by law, the Governor is required, upon notice of such failure from the county clerk, to declare the office vacant and fill it by appointment. No judicial ascertainment of the vacancy is required. The power is rightfully vested by the Legislature in the Governor.

3. SAME: *Not elective. Vacancy, how filled.*

The office of collector of revenue is not elective, and the filling of vacancies in the office is not within the provision of Sec. 50, Art. VII, of the Constitution.

Falconer v. Shores.

4. SAME: *Legislative power over.*

The office of collector is subject to the control of the Legislature, which has power to provide for his appointment by the Governor or in any other mode it may direct.

5. SAME: *When the appointee of Governor may enter into office.*

A collector of revenue appointed by the Governor in place of a sheriff failing to give bond as collector, may enter upon the duties of his office, or sue the sheriff for the office, immediately after having his bond approved by the Circuit Judge within ten days after his appointment. He need not wait for approval in term time.

APPEAL from *Franklin* Circuit Court.

Hon. G. S. CUNNINGHAM, Special Judge.

*James A. Yantis* and *Clendenning & Sandels*, for appellant:

I. The proceedings in and about the appointment of appellant were in exact conformity to the Act of the Legislature. *Acts* 1874–5, *p.* 165.

II. The Act is constitutional. The *office* of collector and the *officer* are to be distinguished. The *office* is now and always has been a legislative creation. In the Constitutions prior to 1874, the office and officer were without recognition or mention. In the Constitution of 1874 it was provided that the sheriff of each county should be *ex-officio* collector, etc. He must give bond, etc. This is not a mere direction, but a condition *precedent* to his right to act. If one have title to an office, conditioned upon the performance of certain conditions, his right becomes absolute upon the performance of those conditions, and a Statute enabling the Executive in an *ex parte* proceeding without notice, to divest his title, is unconstitutional and void. *Carnall* v. *The State*, 10 *Ark,*, 156 ; *People* v. *Scannell*, 7 *Cal.*, 440. But in this case it is different. The Statute (*Acts* 1874–5, *p.* 165, *Secs.* 1 *and* 3) being construed with *Sec.* 6, *p.* 194, says that

upon the failure to give bond, etc., that a vacancy shall be declared by the Governor, etc.. and he shall appoint, etc. *See People* v. *Scannell*, 7 *Cal.*, 432, 439, 440. The power to make this declaration is expressly given and the Act is constitutional. *Martin* v. *Mott*, 12 *Wheaton*, 19.

The right and propriety of its exercise are strongly recognized in 1 *Ala.*, 559; 48 *Ga.*, 137; 46 *Ib.*, 630; 44 *Ala.*, 696; 58 *Miss.*, 556; 53 *Miss.*, 615; 46 *Ala.*, 340; 50 *Ala.*, 522; 43 *Ala.*, 568.; 52 *Ala.*, 66; 7 *Vol.*, *U. S. Dig.* (*new series*), 614; 9 *Ga.*, 314; 11 *Ga.*, 210; 95 *Ills.*, 593; 16 *Hull*, 520; 57 *N. Y.*, 399; 10 *N. J. Eq.*, 70; 10 *Mo.*, 681; 27 *Ind.*, 496; 13 *Wis.*, 365; 10 *Ohio St.*, 128; 13 *Bush.*, 37, and other cases. *Bosely* v. *Woodruff county*, 28 *Ark.*, 306–315. Any subsequent attempt of Shores to give bond and reinvest himself with the right to the office was nugatory. 22 *Wis.*, 363; 1 *Ala.*, 559. Appellant has pursued the proper remedy. *Lambert* v. *Gallagher*, 28 *Ark.*, 451.

III. The rights of appellant are sufficiently stated in the complaint, and the suit properly brought under *Sec.* 5748, *Gantt's Digest.*

*W. W. Mansfield* and *Henderson & Caruth*, for appellee:

I. The facts stated in the complaint do not show that on the day of plaintiff's appointment, a vacancy existed in the office of collector. *Art.* 7, *Sec.* 46, *Const. Ark.*, 1874; *Acts, Feb.* 25, 1875; *Sec.* 12, *Act Mch.* 5, 1875; *Act* 1875, 225. The former Act, *if not repealed* by section 12, of the latter Act, is plainly unconstitutional, in so far as it attempts to oust the sheriff upon the mere certificate of a clerk by a non-judicial and *ex parte* proceeding, and to enable the Governor to fill the supposed vacancy by appointment (*Sec.* 50, *Art.* 7, *Const.*, 1874).

If appellee, by his failure to give bond, etc., was in fact never collector, then the office could not be vacated by any

act or omission of *his*, and appellant was not appointed collector, because there can be no appointment to fill a vacancy, until the office has once been full. *Ex parte Dodd*, 6 *Eng.*, 152 ; *Brightly's Leading Cases on Elections, p.* 677, *note.* If he was collector, it does not appear from the complaint that he has gone out by death, removal or resignation. By mere lapse of time an office never becomes vacant (*Constitution Ark., Art.* 19, *Sec.* 5.). One does not go out until another by the act of qualification displaces him. *Commonwealth* v. *Hanley*, 9 *Penn. St.*, 513. Shores being the incumbent there was no vacancy to fill. He could only be ousted by the judgment of a court of competent jurisdiction after notice, etc. *Cooley's Const. Lim.*, 351 *to* 358 ; *State* v. *Carnall*, 10 *Ark.*, 456 ; *State* v. *Hixon*, 27 *Ark.*, 401–402 ; *Chandler* v. *Montgomery county*, 31 *Ark.*, 25 ; *Boseley* v. *Woodruff county*, 28 *Ark.*, 306 ; *Scott* v. *Watkins*, 22 *Ark.*, 559.

II. The appointment of appellant was made in violation of the Constitution. The office of collector is a constitutional one. *Art.* 7, *Sec.* 46. It is a distinct and separate office. *McCabe ex parte*, 33 *Ark.*, 398. There should have been a special election, if the office was vacant. *Sec.* 50, *Art.* 7, *Const.*

III. Sec. 12, Act March 5, 1875, is directory and not mandatory. *Cooley's Const. Lim.*, 74 ; *Edwards et al.* v. *Hall*, 30 *Ark.*, 31 ; *Boseley* v. *Woodruff county*, 28 *Ark.*, *and cases cited. Neal* v. *Burrows*, 34 *Ark.*, 491.

ENGLISH, C. J. At the general election, sixth September, 1880, Richard Q. Shores was elected sheriff of Franklin county ; he was commissioned by the Governor on the eleventh of September, executed a bond as such, which was approved by the County Judge on the first of October, 1880, and on the eighteenth of the same month took the oath of office.

He failed to give bond, as collector, before the first Monday of January, 1881, as required by law. The clerk of the County Court notified the Governor of the failure, and the Governor, on the eleventh of January, 1881, appointed and commissioned John P. Falconer as collector, who executed a. bond as such, which was approved by the Circuit Judge on the nineteenth of the same month, and on the same day he took the oath of office.

In the meantime, on the fourteenth of January, 1881, Shores made a bond as collector, which on that day was approved by the County Judge.

On the eleventh of April, 1881, he procured the County Clerk to deliver to him the tax books for 1880, with a warrant for the collection of the taxes of that year; and on the twenty-fifth of the same month Falconer commenced this suit against him for the office of collector, etc.

Shores, in his answer to the complaint, relied for defense on the fact that he had made and procured the approval of his bond as collector on the fourteenth of January, 1881. The plaintiff demurred to the answer; the court overruled the demurrer, holding the complaint bad, and plaintiff resting, judgment was rendered in favor of defendant, and plaintiff appealed.

1. COLLEC-
TOR OF
REVENUE.
Forfeits
office by
not giving
bond in
prescrib-
ed time.

Before the adoption of the present Constitution the office of collector of taxes was statutory. The Statute in force when the Constitution was adopted provided that the sheriff of each county should be *ex-officio* collector, and before entering upon his duties as collector should give bond before the first Monday of January of each year, etc. *Gantt's Dig.*, secs. 5157-9.

Section 46, Article VII., of the Constitution provides that the qualified electors of each county shall elect one sheriff, who shall be *ex-officio* collector of taxes, unless other-

wise provided by law, for the term of two years, thereby leaving the office of collector under legislative control.

A person who is sheriff and collector, under existing laws, holds two distinct offices, and is required to give bond as sheriff, and also to give bond as collector. *McCabe, ex parte*, 33 *Ark.*, 396.

Appellee, Shores, was sheriff when he received his commission, and qualified as such by executing bond and taking the oath of office. But he could not enter upon the duties of the office of collector until he executed bond, as prescribed by law.

He was required to give bond as collector before the first Monday of January, 1881. *Acts of March* 5, 1875, *sec.* 12; *Acts of* 1874–5, *p.* 225.

The Act of twenty-fifth February, 1875 (*Acts of* 1874–5, *p.* 165), in effect, declares that when a sheriff shall fail to give the bond required by law, as collector of the revenue, at the time required by law, he shall forfeit his right to the office of collector; and makes it the duty of the clerk of the County Court immediately to notify the Governor of such failure, and of the Governor to appoint some suitable person collector of revenue, and provides that the person so appointed shall hold the office until his successor is elected and qualified; and requires him to qualify and give the bond required by law within ten days after he is notified of his appointment; and if he fail, the Governor is required to appoint some other person, etc.

2. SAME: Successor appointed on failure to give bond.

Appellee failed to give bond in the time prescribed by law; the failure was certified by the clerk to the Governor, who, on account of such failure, declared the office of collector vacant, and appointed and commissioned appellant to fill the vacancy; after all of which appellee made a bond, but that did not help him; he was too late.

This case is unlike *State* v. *Carnell*, 10 *Ark.*, 156, in

which it was decided that a sheriff could not be deprived of his office for failing to return his assessment list within the time prescribed by law, without a judicial ascertainment of the delinquency.

There the sheriff was in office, and there was an attempt to oust him for an omission of official duty, without judicial inquiry.   Here appellee had not entered into the office of collector, and forfeited his right to do so by failure to give bond as such, and within the time fixed and limited by law. There is no constitutional reason why the Legislature might not entrust to the Governor the ascertainment of such failure.

It is sufficient to say of *Boseley* v. *Woodruff County Court*, 28 *Ark.*, 306, that it arose under a different Statute from the one now in question, and the case, on its facts, is not like this.

The giving of a bond by the sheriff, and the time of making it before he enters upon the office of collector of revenue, is of public importance.   The Statute requires it to be given before the first Monday of January.   If, in disregard of the law, he may defer it to the fourteenth of the month, he may postpone it through the period prescribed for the collection of the revenue, to the detriment of the public. In other words, he may disregard the time prescribed by law for him to execute the bond, and fix his own time at pleasure, or as convenient.

The statute fixing the time cannot be treated as directory, because the Legislature has declared the consequences of the neglect ; that is, in effect, that the sheriff shall forfeit his right to the office of collector, and the Governor, on being informed by the county clerk of such failure, shall appoint and commission some person to be collector in his place. *Sedgwick on Construction of Statutory and Constitutional*

*Law, second edition*, p. 326 ; *Basham, &c.* v. *Commonwealth*, 13 *Bush*, 36.

It was submitted in argument that the Governor had no power to appoint appellant collector, because the vacancy in the office occurred more than six months before the then next general election, citing Sec. 50, Art. VII of the Constitution. <span style="float:right">3. SAME: Not elective. Vacancy how filled.</span>

That section provides that: "All vacancies occurring in any office provided for in this article, shall be filled by special election ; save that in cases of vacancies occurring in county and township offices, six months, and in other offices nine months, before the next general election, such vacancies shall be filled by appointment by the Governor."

This section applies to elective officers, and not to the office of collector, which, as such, is not filled by the voice of the electors.

The sheriff is elected by the qualified electors, "who," section 46 of the same article declares, "shall be *ex-officio* collector of taxes, unless otherwise provided by law." This, as above observed, leaves the office of collector under legislative control, and doubtless the Legislature has power to provide by law for collectors to be appointed by the Governor, or in such other mode as may be directed. <span style="float:right">SAME: Office of subject to legislative control.</span>

By the acts above cited, passed since the adoption of the Constitution, the Governor is authorized to appoint and commission some suitable person collector of revenue, on the failure of the sheriff to give bond as collector at the time required by law, etc., and these acts are in conflict with no provision of the Constitution.

It was further submitted, in argument, that at the time appellant commenced this suit, his bond as collector had not been approved by the Circuit Ccourt in term ; that his title to the office had not, therefore, been perfected, and he was not in a condition to maintain the action. <span style="float:right">When appointed, may enter into office, or sue for it.</span>

The Statute requires the person appointed by the Governor to give the bond require by law within ten days after he is notified of his appointment, and if he should fail, the Governor is required to appoint some other person.

Appellant was commissioned on the eleventh of January, 1881, and executed a bond, which was approved on the nineteenth of the same month by the Circuit Judge, in vacation, as authorized by the Act of March 1, 1875. (*Acts of* 1874–5, *p.* 194.)

He had the right, on such approval of his bond, to enter upon the duties of the office of collector, and to bring suit against an intruder.

To require him to delay entering upon the duties of the office, or to sue an intruder, until his bond should be finally approved by the Circuit Court in term, might be to postpone his right to collect the taxes, and to sue for the office, until the whole period prescribed by law for the collection of the public revenue, making tax sales, etc., had transpired, as no term of the Circuit Court might be held in his county during that time, there being but two regular terms a year.

The amended complaint, which the court held bad on demurrer to the answer, showed a good cause of action (under *Sec.* 5748 *Gantt's Dig.*), and the answer set up no valid defense.

Reversed and remanded, with instructions to the court below to sustain the demurrer to the answer, and for further proceedings.