ALSTON V. FALCONER.

SHERIFF AND COLLECTOR:    *When bond must be filed.*

The sheriff must file his bond as collector of revenue with the county clerk *before* the first Monday in January. *On* that day is too late. The Governor may appoint a collector on that day if the bond is not filed before it.

APPEAL from *Franklin* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*Mansfield and Henderson & Caruth,* for appellant.

*Clendenin & Sandels, contra.*

EAKIN, J.    Falconer, in January, 1881, had been appointed by the Governor as collector for Franklin County, upon the failure of the sheriff to file his bond as collector before the first Monday of that month. He gave bond and entered upon the duties of the office, and was by law entitled to hold it until the next general election, and until his successor should be elected and qualified.

He failed himself to give bond before the first Monday of January, 1882, for the collection of the taxes of 1881. Before 7 o'clock a. m. of that day the county clerk certified the fact to the Governor, who received the certificate at 4 o'clock p. m. He declared the office vacant and appointed and commissioned F. M. Elsey thereto, who on the

fourth filed his bond, as required by law, and took the oath of office.

Falconer, however, on the first Monday in January, at half-past 11 o'clock a. m., filed a proper bond, duly approved by the judge of the court. The certificate of the fact was sent by the clerk, by telegraph, to the Governor, who received it at twenty-five minutes past one p. m. A duplicate of the bond was sent the same day to the Auditor, who received it next day.

Falconer filed his petition in the Circuit Court, setting forth the facts as above stated, and alleging that Alston, the county clerk, refused to place in his hands the tax books with the warrant for collection, upon the grounds that Elsey was the collector. He prayed a mandamus on the clerk to compel him to turn over the tax books and warrant to petitioner, and for restraining orders to prevent him from turning them into the hands of Elsey.

By consent the cause was heard upon a motion to grant the prayer of the petition, and a demurrer thereto. The demurrer was overruled, and, the defendant resting, the mandamus issued. From this order the clerk appeals.

The Constitution, article 7, section 46, provides that the sheriff shall be *ex officio* collector of taxes " unless otherwise provided by law."

On the twenty-fifth of February, 1875, the General Assembly passed an act to provide for the filling of the office of collector in certain cases.

It provided that the county clerk, on failure of the sheriff to give bond as collector at the time required, should notify the Governor thereof immediately ; and made it the duty of the Governor thereupon to appoint some suitable person as collector until the next general election, who was required to give bond and qualify within ten days after being notified of his appointment. By a subsequent

act of March 5, 1875, it was provided that this should be done if the sheriff should fail to give bond before the first Monday in January of *each* year. It was again repeated that if he should fail, the clerk should immediately give notice to the Governor.

The only question is, can the word " before " be construed in this connection to intend " on or before." Ordinarily it can not, as the word has no technical meaning, and its obvious meaning implies that the act required to be done should precede the day, and not be contemporaneous. If the latter intent had been in view, the ordinary expression of " on or before " would have been naturally suggested. Doubtless there may be cases in which it would be proper to construe " before " in the more extended sense of including the day named, but the legislative intent to that effect should be shown by other expressions; or be tolerably clear from the subject matter and general policy of the act. In this case such a construction would contravene to some extent the policy of the act, and not be quite consistent with other expressions. " Immediately," means on that day, not next day. It was the duty of the clerk to make and forward the certificate Monday, if the bond were not filed before. The language of the act is imperative. The failure to file the bond before the first Monday in January, is the *fact* upon which the power and duty of the Governor to appoint a successor is founded. There is no alternative to the clerk or Governor but to proceed. That fact exists when the first Monday arrives and no bond has been filed. It is incurable. There is no provision made, or intimated as intended, that the former officer on that day may arrest the proceedings for the appointment of a successor by coming in and filing a bond. The same obligation rested upon the appointed collector to file a bond for the next year of his term, as if he had been sheriff and *ex*

*officio* collector. When the law speaks of the sheriff in this connection, it speaks of him with reference to his office as collector.

It has already been settled in the case of Falconer v. Shores, 37 Ark., that it is not sufficient for the sheriff to file his bond at any time before the Governor appoints. The law is rigid, and must be construed with reference to the revenue policy. The whole people of the State are concerned in the prompt collection of taxes.

The appointment of Elsey was valid, and it appeared on the face of the petition that it showed no grounds for the action of the court. The demurrer should have been sustained and the petition dismissed. It obviously can not be amended so as to make it meritorious.

Reverse and remand with directions accordingly.