REMLEY v. MATTHEWS.

Opinion delivered December 16, 1907.

COLLECTOR—VACANCY—TENURE OF APPOINTEE.—Where a sheriff was suspended from office until a pending indictment against him should be tried, and another was appointed to act as sheriff during the time of his suspension, it was the duty of the sheriff, though suspended, to qualify as collector, and upon his failure to do so the Governor was authorized by Kirby's Digest, § § 7042, 7044, to appoint a collector who should hold until the next general election, and until his successor should be elected and qualified.

Appeal from Chicot Circuit Court; *Henry W. Wells,* Judge; reversed.

STATEMENT BY THE COURT.

This is a suit brought by C. M. Matthews against E. P. Remley to obtain possession of the office of collector of Chicot County. The facts are undisputed, and are as follows:

"M. C. Strong was appointed sheriff and ex-officio collector of Chicot County, Arkansas, on the 3d day of July, 1905, and served until the 20th of October, 1906, upon said date he was suspended from office by an order of the circuit court, there being eighteen indictments filed against him charging him with malfeasance in office.

"The defendant, E. P. Remley, was appointed sheriff, to fill the vacancy caused by the said suspension of M. C. Strong, by the Governor on the 20th day of October, 1906, and filed his bond, and took the oath of office, and entered upon the duties of said office. M. C. Strong did not qualify as collector.

E. P. Remley failed to make the collector's bond prior to the first Monday in December, 1906, and the county clerk certified said failure to the Governor, and E. P. Remley was appointed collector on the 7th of December, and made his bond on the 12th of December, 1906.

"M. C. Strong resigned his position as sheriff while under indictment on the 8th day of March, 1907.

"On March 9th, 1907, E. P. Remley was again appointed sheriff by the Governor of this State, and filed his bond, and qualified on the 13th of March, 1907.

"E. P. Remley filled the office of sheriff until the election and qualification of C. M. Matthews.

"The appellee, C. M. Matthews was elected sheriff at a special election held on the 15th day of April, 1907, and was commissioned on the 24th day of April, 1907, and qualified as sheriff on the 29th day of April, 1907, and demanded of E. P. Remley the office of collector of Chicot County and the books and papers thereto belonging, and was refused. The books and papers of the office of sheriff were turned over to the appellee by the appellant on the 29th day of April, 1907.

The defendant moved the court to give the following declarations of law:

"E. P. Remley is entitled to the office of collector of Chicot County, under the appointment received by him from the Governor on December 7, 1906, he having given bond within ten days after said appointment and qualified as required by law as collector of Chicot County," which declaration of law the court refused to give, to which refusal the defendant at the time excepted and asked that his exceptions be noted of record, which was then and there accordingly done.

"2. The plaintiff, C. M. Matthews is not entitled to the office of collector of Chicot County, Arkansas, by virtue of his election to the office of sheriff in April, 1907, the office of collector having previously been filled by appointing E. P. Remley," which declaration of law the court refused to give and declare to which ruling and judgment of the court the defendant at the time excepted and asked that his exceptions be noted of record, which was then and there accordingly done.

The court of its own motion gave the following declaration of law: "The plaintiff, C. M. Matthews, is entitled to the office of collector of Chicot County, by virtue of being elected sheriff under the special election in April, 1907;" and gave judgment for the possession thereof, to which ruling and judgment of the court in so declaring the law to be defendant at the time excepted, and asked that his exceptions be noted of record which was accordingly done.

Judgment was thereupon entered in favor of the plaintiff.

Defendant filed his motion for a new trial, and upon it being overruled has appealed.

*E. A. Bolton, William Kirten* and *N. B. Scott,* for appellant.

1. Under the Constitution as construed by this court, the offices of sheriff and collector are separate and distinct offices, notwithstanding the sheriff is ex-officio collector. Art. 7, § 46, Const.; 57 Ark. 195; 33 Ark. 396; 37 Ark. 386.

2. Unless the party, who has been elected to the office of sheriff files his bond as collector by the first Monday in December, the office of collector becomes vacant, and, upon the county clerk's certificate showing the facts, it becomes the Governor's duty to appoint some competent person having the requisite

qualifications to perform the duties of collector. Kirby's Digest, § 7042. The appointee must qualify and give bond within ten days after notice of appointment. *Id.* 7043. And his term of office is fixed. *Id.* § 7044. After appointment, qualification and execution of bond, the appointee holds for the time fixed by law, and his appointment is irrevocable by any act of the executive. 1 Cranch. (U. S.) 162.

*J. R. Parker,* for appellee.

Under art. 7, § 46, Const., the offices of sheriff and collector are held by one person,. and the·two offices cannot be separated except by legislative act. Remley's last commission as sheriff cancelled all former commissions; and when his commission as sheriff expired on April 29th, 1907, the collector's office expired with it as a matter of law. 2 Ark. 282; art. 7 § 50, Const.

HART, J., (after stating the facts.) M. C. Strong was suspended from office under section 7992, Kirby's Digest, which reads as follows, to-wit:

"Whenever any presentment· or indictment shall be filed in any circuit court of this State against any county or township officer, for incompetency, corruption, gross immorality, criminal conduct ·amounting to felony., malfeasance, misfeasance, or nonfeasance in office, such circuit court shall immediately order that such officer be suspended from his office until such presentment or indictment shall be tried. Provided, such suspension shall not extend beyond the next term after the same shall be filed in such circuit court, unless the cause is continued on application of the defendant."

Section 7993 provides for the removal of such officer upon conviction. It will be observed that Strong was not removed from the office of sheriff, but was only suspended pending the indictments against· him.

Remley was appointed sheriff on the 20th day of October, 1906, under section 7995 of Kirby's Digest authorizing. the Governor to temporarily appoint an officer in the place· of the suspended officer.

This presents for our consideration the question, who was entitled to qualify as collector of the revenue of Chicot County in 1906, Strong or Remley?

In the case of *Crowell* v. *Barham,* 57 Ark. 197, COCKRILL, C. J., said: "The offices of sheriff and collector, though usually exercised by the same person, are as separate and distinct as though held by different incumbents. Ex parte *McCabe,* 33 Ark. 396; *Falconer* v. *Shores,* 37 Ark. 306. If the sheriff became collector by reason of qualifying as sheriff, there would be strong ground for contending that his general deputy was also deputy collector, as was held in the case of *People* v. *Otto,* 77 Cal. 45. But under our statute the sheriff becomes collector only when he qualifies as collector. He has the right by virtue of his office to become collector, but he may forfeit the right without forfeiting the office of sheriff. In that event the law authorizes the substitution of another in the office."

It seems clear then that Strong, and not Remley, had the right to qualify as collector; for the reason that Strong was still sheriff. He did not cease to be sheriff because of his suspension pending the indictments against him.

Strong's suspension from the office of sheriff only disabled him from discharging the duties of the office, and did not take away the office itself. Only a removal from office could do that. He was still the sheriff, and by virtue of holding that office had the right to qualify as the collector of revenue.

Strong failed to give the bond of collector within the time prescribed by law, and upon a certificate by the clerk to that effect the Governor appointed Remley to that office, pursuant to section 7042 of Kirby's Digest. This was a valid appointment; for section 46, art. 7, of the Constitution leaves the office of collector under legislative control. *Falconer* v. *Shores,* 37 Ark. 386. In that case the court said: "Upon the failure of a sheriff to give bond as collector of revenue within the time prescribed by law, the Governor is required, upon notice of such failure from the county clerk, to declare the office vacant and fill it by appointment."

We are now brought to consider the length of his term. As we have seen, appellant was appointed pursuant to section 7042 of Kirby's Digest. Section 7044 provides that he shall hold the office until the next general election, and until his successor is elected and qualified. In the case of *Alston* v. *Falconer,* 42 Ark.

114, it is held that where a person is appointed collector pursuant to the statutes *supra,* he is by law entitled to hold it until the next general election and until his successor is elected and qualified. See also *Falconer* v. *Shores, supra.*

Reversed and remanded with direction to enter judgment in accordance with this opinion.