KEELING v. SEARCY COUNTY.

Opinion delivered December 14, 1908.

CLERKS—FIXED SALARY—RIGHT TO WITHHOLD FEES.—The act of April 19, 1905, providing that the clerk of the circuit court of Searcy County shall receive a salary of $1,500, which "shall be full compensation for all work and services of said clerk that he is now or may hereafter be required by law to perform, * * * * and for all other official work," embraces every fee or emolument accruing to the clerk by reason of his official capacity, including fees for services rendered by him in his official capacity under the act of Congress of March 11, 1902.

· Appeal from Searcy Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

*Bratton & Bratton,* for appellant.

The fees sought to be retained by the clerk in this case are authorized under an act of Congress, but he is not *required by law* to perform these services, as is specified in the act of the Legislature fixing his fees. On the contrary, while he may, under the act of Congress, perform the services, yet he may lawfully decline it, and is not required to do so. If he performs the services, the fees derived therefrom are not payable into the county treasury, but are his own, in addition to the salary provided by the State statute. 15 Fed. 341; 44 Pac. 659; 32 Ark. 120; 36 Pac. 64; 64 L. R. A. 131; 110 U. S. 688; 21 Ct. Cl. 120.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

See Acts 1905, p. 477. Therein, by section 1, it is provided that $1,500 shall be "full compensation for all work and services of said clerk that he is now or may hereafter be required by law to perform as clerk of the circuit court, etc., and *for all other official work."* The amendatory act, Acts 1907, p. 845, section 1, simply increases his salary to $1,800. The act must be taken to mean what it says, *i. e.,* that the salary allowed shall be full compensation for all work and services required by law to be performed by the clerk, but for all other work performed by him in his official capacity. 61 Ark. 21; 66 Ark. 30; *Id.* 39; 87 Pac. 628; 88 Pac. 89; 37 Pac. 627; 79 Cal. 89, 21 Pac. 554; 71 N. W. 785; 71 N. W. 717; 30 Neb. 574; 17 Neb. 73; 41

Neb. 257; 67 N. W. 311; 73 Pac. 273.; 165 U. S. 504.   See, also, 32 Ark. 45; 40 Ark. 100.

BATTLE, J.   Section one of an act entitled "An act to fix the salaries of the clerk, sheriff, and assessor of Searcy County," approved April 19, 1905, provides as follows:

"That the fees and salary of the clerk of the circuit court of Searcy County, Arkansas, shall not exceed the sum of fifteen hundred dollars ($1,500) per annum, and out of this sum he shall pay all necessary deputies and assistants, and the said sum of fifteen hundred dollars ($1,500) shall be full compensation for all work and services of said clerk that he is now and may hereafter be required by law to perform as clerk of the circuit court, ex-officio clerk of the county and probate courts, and recorder of said county, *and for all other official work.*"

This act was afterwards amended by an act approved May 22, 1907, by increasing the clerk's salary to eighteen hundred dollars.   Acts of 1907, page 845.

An act of Congress approved March 11, 1902, provided, in part, as follows:   "That hereafter all proof, affidavits, and oaths of any kind whatsoever, required to be made by applicants and entrymen under the homestead, pre-emption, timber-culture, desert-land, and timber and stone acts, may, in addition to those now authorized to take such affidavits, proofs, and oaths, be made before any United States commissioner, or commissioner of the court exercising Federal jurisdiction in the territory, or before the judge or *clerk* of any court of record in the land district in which the lands are situated.   * * * * * * * * That the fees for entries and final proofs, when made before any other officer than the register and receiver, shall be as follows:

"For each affidavit, twenty-five cents.

"For each deposition of claimant or witness, when not prepared by the officer, twenty-five cents.

"For each deposition of claimant or witness prepared by the officer, one dollar," etc.

Under this act of Congress, Hosea Keeling, in his capacity of clerk of the circuit court and ex-officio clerk of the county and probate courts of Searcy County, in the State of Arkansas, took 66 affidavits at 25 cents each_____$ 16.50

and 447 depositions of claimants and witnesses prepared
by himself at $1.00 each_____ 447.00

Total _____$463.50

Is he entitled to this sum in addition to the salary allowed
him by the acts of the General Assembly of the State of Arkan-
sas? After providing that the salary specified "shall be full com-
pensation for all work and services of said clerk that he is now
or may hereafter be required to perform as clerk of the circuit
court, ex-officio clerk of the county and probate courts, and
recorder of said county," to prevent any other official services
being left out, it adds, "and for all other official work." This
language embraces every fee or emolument accruing to the clerk
by reason of his official capacity, and allows the withholding of
none. It includes every fee that was earned by him in his official
capacity. *Finley* v. *Territory,* 73 Pac. 273; *Rhea* v. *Board of
County Commissioners,* 88 Pac. 89; *Hazzlet* v. *Holt Co.,* 71 N.
W. Rep. 717.

The $463.50 was collected by Keeling as clerk for "official
work" done by him, and he is not entitled to hold it in addition
to the salary fixed by law, and should account for the sum in the
manner prescribed by the statute.

Judgment affirmed.