STATE EX REL. POINSETT COUNTY *v.* LANDERS.

Opinion delivered June 29, 1931.

*Hughes & Davis* and *M. P. Watkins,* for appellant.

*N. F. Lamb,* for appellee.

*J. G. Waskom, amicus curiae.*

McHANEY, J. The State of Arkansas, for the use and benefit of Poinsett County, and Cecil Williams, a taxpayer, brought this action against A. H. Landers, as sheriff and *ex officio* collector of Poinsett County, Arkansas, and the bondsmen on his official bonds, to recover the alleged excess fees, salary and perquisites in excess of $5,000 net per annum in par funds that had been received by the sheriff and collector during his last three terms of office, 1925 to 1930, inclusive. It is alleged that the appellee, Landers, had fraudulently received and unlawfully appropriated and converted to his own use sums of money as fees, salary, emoluments and perquisites of office largely in excess of $5,000 per an-

num, which he had failed and refused to pay into the treasury of the county as he was required to do by law; that he had failed to make an annual report as required by law, under oath, at the end of each year and a final report at the expiration of each term of office to the judge of the circuit court of the county detailing the amount of money received by such office during the preceding year, whether from salary, fees, emoluments or perquisites of such office. It is alleged further that appellee Landers, during the last six years, as sheriff and *ex officio collector,* has transacted a very large volume of business, and that the amount and description of the different items of fees are derived from numerous and different sources which renders the account so difficult and intricate that appellants are unable to state the amount due the treasury of the county, but that it is believed that the sum received approximates $60,000, and that the account is so voluminous and complicated that it is necessary for a master to be appointed to state the account, and that they have no adequate remedy at law. Other allegations are made in the complaint which we deem it unnecessary to detail. A number of interrogatories were attached to the complaint, and an order of court was prayed requiring appellee Landers to answer same. The interrogatories related very largely to commissions received by the collector in the collection of improvement district taxes, several drainage districts and other improvement districts being located in that county whose assessments are collected through the collector's office.

To this complaint a demurrer was interposed on several grounds, which the court treated as a motion to dismiss, and sustained.

This appeal, according to appellants, raises two questions on the demurrer: (1) "In reckoning the income of the officer is income derived from fees and commissions on collection of improvement district taxes to be included?" (2) "Is the action barred?"

The basis of this action is art. 19, § 23, Constitution of Arkansas, and the enabling statute enacted pursuant thereto, §§ 4633-4644, Crawford & Moses' Digest, being the act of 1875, Acts 1875, p. 124. This act was so recognized as the enabling act of art. 19, § 23, of the Constitution in *Griffin* v. *Rhoton*, 85 Ark. 89, 107 S. W. 380. The above section of the Constitution reads as follows: "No officer of this State nor of any county, city or town shall receive directly or indirectly for salary, fees and perquisites more than five thousand dollars net profits per annum in par funds and any and all sums in excess of this amount shall be paid into the State, county, city or town treasury as shall hereafter be directed by appropriate legislation."

The learned trial court based its action in sustaining the motion to dismiss very largely on the fact that appellee Landers holds two offices, and that he is therefore two officers, and entitled to receive $5,000 net as sheriff and $5,000 net as collector. Also that the commissions received as collector from the improvement districts was not to be taken into consideration in determining whether his net income from office exceeded $5,000.

While it is true that the sheriff, under the Constitution (art. 7, § 46) holds two separate and distinct offices (Ex parte *McCabe*, 33 Ark. 396; *Falconer* v. *Shores*, 37 Ark. 393), and must give a separate bond for each office, it does not follow that he becomes two officers. We think that he is necessarily only one officer, but holding two separate and distinct offices, until such time as the Legislature sees fit to separate them. Art. 7, § 46, of the Constitution provides: "The qualified electors of each county shall elect one sheriff, who shall be *ex officio* collector of taxes, unless otherwise provided by law; * * * with such duties as are now or may be prescribed by law." Section 9147, Crawford & Moses' Digest, provides: "The qualified electors of each county shall elect one sheriff, who shall be *ex officio* collector of taxes, unless otherwise provided by law, for the term of two years, with such

duties as are now or may be prescribed by law.'' The sheriff by virtue of being sheriff holds the office of collector. Until the Legislature sees proper to separate the offices of sheriff and collector and require them to be filled and the duties performed by separate persons, we think the plain provisions of both the Constitution and the statute are that the two offices shall be filled by one officer, and that he is entitled to receive for performing the duties of both offices only the net compensation fixed by the Constitution for one officer. Art. 19, § 23. While to our minds it is clear that the person holding the office of sheriff and collector is not entitled under the Constitution and laws to retain for his own use net compensation of $5,000 for each office, still, if it were doubtful, under the rule announced in *Swaim* v. *Lonoke County*, 167 Ark. 225, 268 S. W. 366, and reaffirmed in *Prairie County* v. *Radican* 174 Ark. 622, 296 S. W. 80, that where the provisions of law fixing the compensation of an officer is in doubt, or not clear, the doubt should be resolved in favor of the Government, or, in other words, the law should be given that construction most favorable to the Government, we would be compelled to hold against the contention of appellee.

As to the contention that appellee is not required to account for that part of the income the collector derived from commissions on collection of improvement district assessments, we are of the opinion that such contention cannot be sustained. The collector of Poinsett County, appellee Landers, collects a large amount of improvement district assessments. These collections are not only authorized by law, but it is a duty imposed upon the collector either in the general law or in the special acts creating such districts. For instance, under the general drainage district law, § 3618, Crawford & Moses' Digest, the provision is: ''The amount of the taxes herein provided for shall be annually extended upon the tax books of the county, and collected by the collector of the county along with the other taxes, and for his services in making

such collection the collector shall receive a commission of one per cent.; and the same shall by the collector be paid over to the county treasurer at the same time that he pays over the county funds." The provision under the special acts is similar. This is an additional duty imposed upon the collector by law and the plain provision of both the Constitution and the statute is that he shall perform "such duties as are now or may be prescribed by law." The collection of such taxes being a duty imposed by law, it is difficult to perceive on what theory he would be entitled to retain the compensation therefor in excess of $5,000 net compensation for these and all other duties performed. In *Durden* v. *Sebastian County*, 73 Ark. 305, 83 S. W. 1048, we held that the fees received by the clerk as *ex officio* recorder must be included in determining his total compensation under a salary act fixing his compensation at $3,500. In *Keeling* v. *Searcy County*, 88 Ark. 386, 114 S. W. 925, the act fixed the clerk's salary at $1,500 as "full compensation for all work and services of said clerk that he is now or may be hereafter required by law to perform and for all other official work." This court held that the fees received by the clerk for taking affidavits and depositions of homesteaders in making claims to Government land should be included. In *State* v. *Swaim*, 167 Ark. 225, 268 S. W. 366, we held that under the salary act of Lonoke County fixing the salary of the clerk at $4,000, the fees of the clerk as commissioner in chancery should be accounted for. While there is a distinction between the offices of sheriff and collector and that of clerk and *ex officio* recorder, in that the clerk under the Constitution must always be *ex officio* recorder and is one office, whereas the sheriff is *ex officio* collector of taxes until otherwise provided by law, and therefore holds two offices (*Durden* v. *Sebastian County*, *supra*), we are of the opinion that the above cases are persuasive that the commissions received by the collector in the collection of improvement district taxes must be accounted for in determining the total net com-

pensation of the officer holding the office of sheriff and collector. It is argued that the collector is not required to account for his commissions on collections in improvement districts for the reason that under the law he is required to pay the excess over $5,000 net into the State, county, city or town treasury, and that, improvement district funds not belonging to either treasury, there is no provision of law as to where the excess of such funds should be paid. We do not decide where the excess funds should be paid arising from such collections because we do not deem it material to the decision in this case. But we have decided that the excess does not belong to the sheriff and collector, and that he must account for it and pay it over to the proper officials.

The applicable statute of limitations is § 6957, Crawford & Moses' Digest. "Actions on the official bonds of sheriffs, coroners, and constables shall be commenced within four years after the cause of action shall accrue, and not afterwards." This being an action against the sheriff and against his official bondsmen, this section would seem to be the applicable statute.

Other questions are argued in the briefs which we do not think it necessary to discuss. The complaint states a cause of action in equity, and no objection was made to the jurisdiction of the trial court.

The decree will be reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings according to law and the principles of equity, and not inconsistent with this opinion.