MAGEE *v*. STATE USE MILLER COUNTY.

4-2767

Opinion delivered December 12, 1932.

*Pratt P. Bacon,* for appellant.

*Millard Alford, Will Steel* and *James D. Head,* for appellee.

KIRBY, J.  It will suffice to say that this case is ruled by the decision in *Yates* v. *State use of Miller County,* (*ante* p. 749) and it must be held that the court erred in not surcharging the sheriff's account with the fees retained for the automobile licenses collected, which should have been charged, of course, in his report to the circuit judge for the first year, and also his report to the circuit judge for both years, and the approval of such accounts without any disclosure made would not prevent surcharging the account as could be done in this proceeding.

It appears, however, that the officer collected these fees, including an amount beyond the salary which he

was entitled to retain the first year, but that the fees from which his salary was to be collected in the second year were not sufficient to pay it after the necessary expenses allowed by law were credited to him without the amount of the fees for automobile licenses retained by him on the first year's settlement. The court allowed the account accordingly with this credit claimed on the second year's salary and committed error in doing so. He could, of course, have been charged interest on the amount wrongfully retained on the first year's salary, which should have been paid into the county treasury by the sheriff, up to the time of its credit on the second year's salary.

The allowance for the purchase of the automobile was not a proper one, as said in the other case, and no error was committed in refusing or rejecting it.

The purchase of the disinfectant for the jail would appear to be a proper expenditure for the jail, but it should have been authorized by the county court before said purchase was made and certainly approved by such court before the allowance thereof as a claim against the county.

The decree is accordingly affirmed on the appeal, and reversed on the cross-appeal with directions to enter a decree in accordance herewith. It is so ordered.

Butler, J., dissents on cross-appeal.