State use Union County *v.* Harman.

4-3795

Opinion delivered March 18, 1935.

*Alvin D. Stevens* and *Compere & Compere,* for appellant.

*Walter L. Brown, Gaughan, Sifford, Godwin & Gaughan, Mahony & Yocum, Marsh & Marsh, Jeff Davis, N. A. Cox* and *J. S. Brooks,* for appellees.

BUTLER, J. Three separate suits were instituted by the appellant against John W. Harman, sheriff and ex-officio collector of Union County, and against the sureties on his bond as sheriff and the sureties on his bond as collector to recover the amount of fees he had collected for taking care of federal prisoners and automotive vehicle license fees for the years 1930, 1931 and 1932. These cases were consolidated for trial by order of the court and were all tried under No. 5332.

To the complaints as originally filed and as amended, the sureties on the collector's bond demurred on the theory that the liability, if any, was incurred by John W. Harman as sheriff. The demurrer was sustained over the objection and exception of the appellant.

The answer of John W. Harman and the Indemnity Insurance Company, the surety on his sheriff's bond, denied the allegations of the complaints and alleged as an affirmative defense that the reports of the fees received as sheriff and collector by John W. Harman and his disbursements as necessary expense in the conduct of the duties of his offices disclosed that the fees, after the necessary expenses had been deducted, were, for each year, not in excess of $5,000, and that such reports had been passed upon and approved by the verdict of the jury pursuant to the provisions of §§ 4637 and 4640 of Crawford & Moses' Digest.

These cases as consolidated coming on for hearing, evidence was adduced which conclusively established the fact that the items sued on were not included in the reports filed by the said Harman as sheriff and collector. It was in evidence that Mr. Harman regarded the fees received for taking care of the federal prisoners and the fees derived from the sale of automotive vehicle licenses as personal perquisites for which he was not required to account, that this opinion was shared by the office of the State Comptroller, and for this reason these fees were not included in the reports filed.

Testimony was given by a number of witnesses, including Mr. Harman and his chief deputy, relating to items of expense claimed to have been necessarily incurred in taking care of the federal prisoners and in the

collection of the license fees not included in the reports filed for the same reason that the fees collected were not reported. Without passing on the question of the necessity of the expenses, the court sustained the plea of *res judicata* and dismissed the appellant's complaints. This appeal challenges the action of the court in sustaining the demurrer of the sureties on the collector's bond and in sustaining the appellee's plea of *res judicata*.

In the case of *Crowell* v. *Barham,* 57 Ark. 195, 21 S. W. 33, this court, following and approving the doctrine announced in Ex parte *McCabe,* 33 Ark. 396, and in *Falconer* v. *Shores,* 37 Ark. 386, held that the offices of sheriff and collector, although usually filled by one and the same person, are as separate and distinct as though held by separate incumbents. The doctrine announced in these cases was reaffirmed and approved in the recent case of *State ex rel. Poinsett County* v. *Landers,* 183 Ark. 1138, 40 S. W. (2d) 432. Therefore, the fees collected and the expenditures incurred in the discharge of the office of sheriff have no relation to the office of collector, and *vice versa.* Accordingly, the one holding the office of sheriff and ex-officio collector should prepare and file separate statements of account of the fees and disbursements of each office, and, where any liability exists for failure to account and pay into the treasury excess fees collected as sheriff, the sureties on the collector's bond are not liable; and, in cases where the fees are collected by the sheriff as ex-officio collector of revenues, the sureties on his bond as collector are liable and not the sureties on his bond as sheriff. The fees for the federal prisoners were received by Harman by virtue of his office as sheriff, and for that reason the appellee Indemnity Insurance Company is liable for any of such fees which were improperly retained. *White* v. *Williams,* 187 Ark. 113, 59 S. W. (2d) 23. Harman derived his right to collect fees for motor vehicle licenses by the provisions of act No. 65 of the Acts of 1929. From an examination of the provisions of that act we have reached the conclusion that where the offices of sheriff and collector are exercised by one and the same person, the duty of collecting motor vehicle license taxes is performed in the capacity of ex-officio collector. This

is the express provision contained in the first sentence of § 33 of the act, as we interpret it, and this is strengthened by the sentence following by which the duty of collecting the taxes is imposed upon the sheriff in counties where the sheriff and collector are different persons. Section 33, *supra,* in so far as it is applicable, reads as follows: "The duties required by this act of sheriffs, in the collections, accounting for and paying over motor vehicle licenses taxes, are duties to be performed by them in their capacities of ex-officio collectors of all taxes in their respective counties, and their respective official bonds as such collectors shall be liable for the faithful performance of such duties, and for truly accounting for and paying over all such licenses taxes. Except in those counties where the sheriff and collectors are different persons in which event the sheriff shall perform the duties with reference to the collection of automobile licenses fees and his bondsmen as sheriff shall be liable for the faithful performance of his duties, * * *."

Since the collection of motor vehicle license taxes is performed by John W. Harman as ex-officio collector, it follows that the sureties on his bond as such are responsible for any amount which may be due the county for the fees collected from this source. The trial court, therefore, erred in sustaining the demurrer to the complaints.

The reports of the sheriff and ex-officio collector of Union County showing the amount of fees received and the expenses incurred in the administration of the office of sheriff and of the office of collector were filed, as we have seen, with the fees and disbursements of the two offices intermingled. Section 4637 of Crawford & Moses' Digest requires that county officers shall report to the judge of the circuit court the total amount of money, or particular description, or other evidence of value received, by the office during the year preceding, whether it be from salary, fees or other emoluments, or perquisites of such office.

By § 4639, *Id.,* where the total of the receipts of the office exceeds the sum of $5,000, the office is required to report to the judge of the circuit court the amount expended by him in the conduct of the business of his office

for such year and vouchers therefor shall be produced and examined by such judge, and, if the expenditures be approved, the same shall be deducted from the gross receipts, and, if the balance exceeds the sum of $5,000, the excess shall be at once paid into the treasury of the county.

Section 4640, *Id.*, is to the effect that where any expenditure reported is not approved, the amount thereof shall not be credited to the officer reporting, but in cases where items of expenditures may be disapproved by the judge of the circuit court, on demand of the officer reporting, a jury may be impaneled and the question of the necessity of the expenditure shall be submitted to it after the evidence is heard, and the decision of a majority of such jury upon each item of expenditure shall be deemed the verdict of the jury and shall be final in the matter.

The items of expenditure contained in the reports submitted by Harman for the years 1930, 1931 and 1932 were not approved by the judge of the first division, or the judge of the second division of the Union Circuit Court. At the demand of Mr. Harman a jury was impaneled before the judges sitting together, which, after hearing the evidence as to each report, returned separate verdicts for each of the years reported finding in favor of and approving, the reports. Thereupon, the same were approved by the circuit judges.

It is the submission of the question of expenditures to the jury and its verdict which distinguish the case at bar from the cases of *Yates* v. *State*, 186 Ark. 749, 54 S. W. (2d) 981, and *Magee* v. *State*, 186 Ark. 1013, 54 S. W. (2d) 984, and, as appellee contends, makes the doctrine announced in those cases inapplicable to the facts in this case. The legality of, and necessity for, the items of expenditure shown in these reports is not properly before us. "Appellant has not questioned the necessity, nor the legality, of the expenditures which are shown in the reports which were made to the circuit judge and submitted to the jury and has accordingly proceeded upon the theory that the expenditures shown in the three original reports were necessary and legal." This is tantamount to a concession that, by the verdict of the jury and the order

of the circuit judges based thereon, the appellant is precluded from further litigating these questions. This concession binds the county, but, because of the importance of the question, we deem it expedient to notice the contention of appellee as to the effect of the verdict of the jury under § 4640, *supra,* and what appears to be implicit in the position assumed; that is, that the verdict of the jury under that section has the same binding force—even more so—than the verdict of the jury in cases arising at common law.

It appears to be thought that the language of the statute, "and the decision of a majority of such jury upon each item of expenditure shall be deemed the verdict of the jury thereupon and shall be final in the matter," precludes the further investigation of these reports in any court or for any cause. In *Yates* v. *State, supra,* this court held that the approval of an account or report by a circuit judge is a ministerial, rather than a judicial, act, and his determination of such matter is not *res judicata,* nor is a proceeding in equity to surcharge and falsify reports for fraud or mistake an attempt to review the decision of a court of equal and co-ordinate jurisdiction. If the order of a circuit judge is not a judicial, but a ministerial, act subject to review, then the conclusion of a jury on disputed or doubtful questions of fact relating to such report has no greater weight than the action of the judge; for it, too, acts not in a judicial, but in a ministerial, capacity, and the language of the statute prescribing that the verdict of the jury "shall be final in the matter" relates to, and affects only, the action of the circuit judge, and does not—indeed, cannot—deprive courts of equity of their ancient jurisdiction to reopen, surcharge and falsify accounts for fraud or demonstrable mistake.

The question for our decision, however, is: Giving to the proceeding relating to the approval of the accounts the effect contended for, is the liability of the appellees as to the federal jail fees and motor vehicle license fees settled by that proceeding? It is admitted that these fees and the items of expense relating thereto were not included in the reports or considered by the jury, but the contention is that the rule *res judicata* applies because

these were within the issue and might have been litigated in that proceeding. The case of *Robertson* v. *Evans,* 180 Ark. 420, 21 S. W. (2d) 610, and the general rule announced in 15 R. C. L. 953, are cited in support of this contention. The answer to this is that the matters now involved were not within the issue in the proceeding relied on. The issue there was the necessity of the expenditures contained in the reports which had been disallowed by the circuit judge. Counsel for appellant aptly point out that it is only in cases where items of expenditure have been disallowed by a circuit judge that the right to a jury arises. This position is warranted by the language of the statute, and it necessarily follows that where items of expenditure relating to matters not contained in the report upon which the judge had no opportunity to pass, such items were not, and could not have been, within the issues the jury was called to pass upon.

In *Fawcett* v. *Rhyne,* 187 Ark. 940, 952, 63 S. W. (2d) 349, we quoted with approval the following: "If a particular point was not in issue in the suit, either in the technical sense of an issue framed by the pleadings or in the sense of being the decisive question in the case and the one actually litigated and determining the result, it is not conclusively established by the judgment therein for the purposes of a subsequent suit upon a different cause of action, although it may be expressly or tacitly involved in the judgment." Black on Judgments, vol. 2, § 617, p. 940.

In the instant case there was no action by the circuit judge, or judges, approving any of the items of expenditure relating to the fees in controversy, and, before the plea *res judicata* could be entertained, there must appear to have been a final action upon hearing and understanding all of the points in issue and determining the rights of all parties to the proceeding. It is our conclusion that the trial court should have overruled the plea of *res judicata* and determined, in conformity with the rules announced in *Yates* v. *State* and *McGehee* v. *State, supra,* first, the legality, and, second, the necessity for the items of expenditure claimed, taking into consideration the expenditures appearing in the reports filed, and, from a

consideration of these reports, the admitted fees received not included therein and the expenditures here claimed, if it should appear that the sheriff and collector has retained more than $5,000 net, the county should have judgment for whatever that sum may be.

In the case of *State* v. *Landers, supra,* it was held that, where the offices of sheriff and collector are held by the same individual, he is entitled only to $5,000 a year as his entire compensation. In the case at bar the $5,000 salary is charged against the fees collected by Harman as ex-officio collector of revenue. Certainly he would be entitled to this sum, although the fees of the sheriff's office did not aggregate this amount, and he might justly take a sufficient amount from the fees collected by him as collector of revenues for that purpose. The sheriff's salary should be distributed between the two offices in proportion to the amount of fees collected in each, and we hold this to be the just rule.

In determining the question of the liability of the sureties on the sheriff's bond and of the sureties on the collector's bond, the court will apportion in conformity to the rule announced the salary of the sheriff and ex-officio collector, and, if the sheriff and collector be adjudged due the county any excess of fees on the items involved in this proceeding retained by him over the constitutional limit or his salary, the sum due from fees collected as sheriff and the sum due as fees collected as ex-officio collector shall be ascertained and judgment rendered against his several sureties accordingly.

Doubtless Mr. Harman honestly believed that it was no concern of the county what amount of fees he collected on account of federal prisoners and motor vehicle licenses, but he was mistaken, and the failure to account, however honest it might have been, nevertheless constituted a legal fraud on account of which the jurisdiction of a court of equity attached. *McCoy* v. *State, etc., ante* p. 297.

The judgment of the trial court is reversed, and the cause remanded for further proceedings in conformity with principles of equity and not inconsistent with this opinion.