The Honorable Ron Fields Prosecuting Attorney Crawford County Courthouse Van Buren, Arkansas 72956
Dear Mr. Fields:
This is in response to your request for an opinion regarding the disposition of proceeds from the sale of property seized in criminal cases by Crawford County law enforcement agencies. You have asked, specifically, whether a county sheriff can receive proceeds from the sale in satisfaction of storage costs when the sheriff is to be payee of those costs.
The Sheriff is required under Ark. Stat. Ann. 43-2903 (Repl. 1977) to hold property alleged to be stolen that comes into his possession. The disposition of this property is governed by Ark. Stat. Ann. 43-2904 — 43-2909. 43-2907 states as follows:
 If stolen property shall not be claimed by the owner within six (6) months from the time any person may have been convicted for stealing the same, the court of magistrate authorized . . . . to order a restoration may order the same to be sold; and the proceeds of the sale, after payment of the expenses of the preservation and sale of such property, shall be paid into the county treasury, for the use of the county.
The foregoing provisions clearly apply to the Sheriff's retention of stolen property in his official capacity. The provision authorizing the payment of expenses "of the preservation and sale of such property" would presumably include storage expenses incurred by the Sheriff; but it is unlikely that this authorization would be deemed by a court to extend to expenses incurred by the Sheriff personally. This statute may therefore logically be read to authorize payment of such expenses to the Sheriff's office, but not to the Sheriff individually.
We find no authority for the Sheriff's personal incurrence of these expenses, and indeed a contract or agreement in this regard between the Sheriff and the County would arguably fall within the prohibitions contained in Ark. Stat. Ann. 17-4208 (Repl. 1980), entitled "Ethics for county officials and employees," which provides in pertinent part under Subsection (3)(a):
No officer or employee of county government shall:
 (a) be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or entity created by the county, or (to) accept or receive any property, money, or other valuable thing, for their use or benefit on account of, connected with or growing out of any contract or transaction of a county.
It may therefore be successfully argued based upon the foregoing that the Sheriff cannot be the payee of these proceeds. This conclusion is also indicated by the case of Magee v. State use of Miller County, 186 Ark. 1013, 54 S.W.2d 984 (1932). The Sheriff sought reimbursement in that case for expenses incurred in his purchase of disinfectant for the jail. The Court rejected has claim, stating that while the purchase would appear to be a proper expenditure for the jail, it should have been authorized by the county court before the purchase was made.
There is, of course, a possibility that the Circuit Court approved reimbursed of the Sheriff in its authorization of the sale with the proceeds going to satisfy the storage bill. We cannot, however, make this determination based upon the facts presented. An effort to seek clarification of the court order may be indicated in this instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.