ROWDEN v. FULTON COUNTY.

Opinion delivered February 4, 1918.

1.  PUBLIC OFFICERS—SHERIFF—SALARY—FULTON COUNTY.—Section 2 of Act 296, Acts of 1911, providing for the salary of the sheriff of Fulton County provided that said salary "shall not exceed the sum of $2,200 per annum. * * *"  *Held,* the statute meant that the sheriff shall receive an annual salary for the term of his office not exceeding $2,200.

2.  PUBLIC OFFICERS—SHERIFF—SALARY—FINAL SETTLEMENT—SUFFICIENCY OF FUNDS TO PAY SALARY.—Under Act 296, of the Acts of 1911, the sheriff of Fulton County was required to make annual settlement with the county court and to pay over to the county treasurer all funds in excess of his salary for the year, but *held,* these settlements were not final settlements as to the amount of his salary that might be due the sheriff on final settlement at the end of his term; at such final settlement it is the duty of the county court to determine whether the fees collected by the sheriff, and those uncollected but with which he was charged, and which it was his duty to collect during his entire term of office, have been sufficient to pay his salary during such term at the rate of $2,200 per annum.  If the fees do not equal the salary then he receives as salary all that he collected during the entire term, and if the fees are in excess of that sum, then such excess is due the county, and when paid should go into the general fund of the treasury.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; reversed.

*C. E. Elmore,* for appellant.

Claim should have been allowed.  Acts 1911, No. 296.  66 Ark. 30 is the law of this case and settles it.

*Kay & Northcutt,* for appellee.

66 Ark. 30 is not applicable. Here the act is different. It requires a settlement once a year at the July term. The appellant's excess of salary was properly covered into the treasury. Each year is separate to itself and an excess of salary paid at the end of one year can not be reclaimed to cover a deficit in salary in another year. Acts 1911, p. 808.

### ⊥ STATEMENT OF FACTS.

The appellant was elected sheriff and collector of Fulton County, and qualified and entered upon his duties October 30, 1914.

At the July term, 1917, of the county court appellant filed his claim for fees and commissions as follows:

"County of Fulton

*To* Thad W. Rowden, *Dr.*

To fees and commissions collected to July, 1915...$1,777.29
To fees and commissions collected from July,
    1915, to July, 1916............................................ 1,984.78
To fees and commissions collected from July,
    1916, to November 30, 1916.............................. 358.08

                                      $4,120.15

### Credits.

By amount allowed July, 1915................$1,466.64
By amount allowed July, 1916, (12
    months salary) ................................. 1,984.78
By amount allowed January, 1917,
    (5 months salary)............................ 358.08 $3,809.40

Balance due the amount paid in July, 1915, in
    cash in excess of first 8 months salary..........$310.65."

The claim was duly verified and submitted to the county court on the following agreed statement:

"Thad. W. Rowden was elected sheriff and collector of Fulton County, Arkansas, in September, 1914, and was qualified as such October 30, 1914. In the months of November and December, 1914, and January,

February, March, April, May and June, 1915, he collected fees and commissions that amounted to $1,777.29.

"At the July term of the county court, 1915, he made a settlement. In the July settlement, 1915, after he had been in office eight months, he turned over $310.65, this being the amount of fees and commissions that was collected in excess of eight months' salary.

"From July, 1915, to July, 1916, he collected in fees and commissions that amounted to $1,984.78, which amount was $215.22 less than the amount allowed the sheriff and collector for that year's work.

"From July, 1916, to November 30, 1916, he collected in fees and commissions, including claims allowed January, 1917, $358.08, which amount was $558.59 less than the amount allowed the sheriff and collector for five months' salary, that being the time he had served since the July settlement."

This claim was disallowed by the county court, and on appeal to the circuit court the judgment of the county court disallowing the claim was affirmed, and appellant duly prosecutes this appeal.

WOOD, J., (after stating the facts). Act 296 of the Acts of 1911 is an act entitled, "An act to amend Act No. 70 of the Acts of Arkansas for the year 1909, fixing the fees and salaries of the clerk, sheriff and assessor of Fulton County, Arkansas." The sections of the act affecting sheriffs are as follows:

"Sec. 2. The fees and salary of sheriff and ex-officio collector of said county shall not exceed the sum of twenty-two hundred ($2,200) dollars per annum, and out of this sum he shall pay for all deputies and assistants; *provided,* he may be allowed, in addition to the above salary, seventy-five cents a day for feeding prisoners confined in the county jail of said county."

"Sec. 4. It shall be the duty of said sheriff  *  *  * to charge and collect the same fees as are now allowed by law, and he shall, on the first day of the regular July term of the county court of said county, file a sworn

statement in said county showing the amounts of all fees charged and collected by him, and shall make settlement with said court by paying all amounts in excess of the salary due him since the last settlement into the treasury, and file the treasurer's receipt therefor as a voucher in said settlement, and in said settlement he shall be chargeable and liable for all fees and commissions that it was his duty to charge and collect; *provided,* he shall receive such fees in addition to the fees allowed him by said act for collecting delinquent taxes as is now prescribed by law. No officer shall receive any pay from Fulton County in excess of the fees collected.''

Section 5 provides, that ''at each settlement made by any sheriff as aforesaid, he shall pay over to the treasurer of said county all funds received by him as such officer in excess of his salary, and take the treasurer's receipt therefor; *provided,* that such excess may be paid in Fulton County script, except such as has been charged to and paid by or that may be payable by said county to said officer.''

''Sec. 6. Each officer shall keep a full and perfect record of all fees and commissions collected by him from any source whatever, and as such officer he shall enter the same upon said record, as soon as the services are rendered, showing the services rendered; the legal fees therefor, and the kind of money received or to be paid, which record shall, at all times, be open for inspection and a failure to comply with any of the provisions of this section shall be a malfeasance in office.''

Section 7 provides, if he ''shall fail or refuse to make settlement with the county court of said county, as required by this act, or to pay any and all funds into the treasury that it is his duty under this act to pay, unless for good cause such settlement be by the court continued, he shall be deemed guilty of a misdemeanor,'' etc.

Section 9 provides: ''All money paid into the treasury of said county, arising from fees and commissions as aforesaid, shall be covered into the general revenue

funds of said county, and charged to the treasury by the clerk.''

(1)   Article 7, section 46, of the Constitution fixes two years as the term of office of sheriffs and collectors. In naming the salary at an amount not exceeding the sum of $2,200 per annum to be paid the sheriff and collector of Fulton County out of the fees collected by him the Legislature necessarily had in mind the term of his office as fixed by the Constitution, and in the absence of express language showing an intention upon the part of the Legislature to limit the amount of the salary so fixed for a period less than his term of office, the Legislature must be held to have intended that the salary named by them should continue during his entire term. The statute, therefore, should be interpreted as if the words ''for the term of his office'' were written into the second section *supra,* after the words ''per annum.'' For unless so construed the act would not conform to the Constitution.   The term of office of the  sheriff began October 30, when he qualified and entered upon his duties and continued thereafter for a period of two years. The words ''per annum'' were not intended to and did not have the effect of fixing or limiting the time to a period less than the full term during which the amount of the salary fixed in the act is to be paid.   Section 2, therefore, means that the sheriff and collector shall receive an annual salary for the term of his office not exceeding $2,200.

In *Independence County* v. *Young,* 66 Ark. 30, the court was called upon to construe a statute substantially similar to the one now under review, the only difference being that it was made the duty of the officer in that case to make quarter-annual settlements, whereas it is the duty of the officer, in the present case, to make annual settlements.

The statute under consideration was manifestly modeled after the Act of 1895, fixing the salaries of county

officers of Independence County. See Acts 1895, pages 66-69.

In *Independence County,* v. *Young, supra,* the petitioner prayed the county court to be allowed to retain as salary for the year all fees collected by him, instead of paying into the treasury the amount in excess of his salary 'for every quarter, as contemplated by the act of the Legislature of 1895. The transaction involved the fees collected by the officer for a period of only one year, and the settlement which he asked the court to approve as final was for a period of one year, beginning the first of November, 1895, and ending the 31st of October, 1896. In the present case the petitioner asked that he be allowed to retain as salary the excess of fees over salary due him as shown by his first July settlement with the county court and that such excess of fees be taken into consideration and that he be allowed credit for the same in subsequent settlements in order that he might retain all fees that had been collected by him, provided the sum total of fees thus collected did not exceed the amount of his salary at the rate of $2,200 per annum, earned and due him at the time of his final settlement with the county court. In other words, appellant contends that he is entitled to a salary, under the act, of $2,200 per annum to be paid out of the fees which he had collected and those uncollected, but with which he was charged and which it was his duty to collect; that when the settlement is had on this basis the county court would be due him the sum of $310.65 which he had collected and paid into the treasury in excess of fees over salary during the first eight months of his incumbency, because since that time and during his whole term down to the final settlement with the county court he had not collected sufficient fees, including the sum above named, to pay the salary that was due him at the time of this settlement at the rate of $2,200 per annum. The appellant is correct in his contention.

In *Independence County* v. *Young, supra,* we said: "The design of the Legislature, we think, was to fix the salary of the county clerk of Independence County at the sum of $1,800 per annum, provided the fees and emoluments of the office for the year amounted to that sum. If the fees and commissions collected by or chargeable against the clerk during the year do not equal the sum of $1,800, then the clerk gets as salary all he collects, but if the fees and commissions collected during the year, including the fees and commissions with which the clerk is chargeable, equal or exceed $1,800, then the clerk receives that sum, and if there be an excess of that sum collected during the entire year, such excess at the end of the year, when the last or final settlement is made with the county court, is covered into the general revenue fund of the treasury. * * * There is nothing in any section prescribing when the excess of fees over salary shall be covered into the revenue fund. The treasurer, therefore, when these quarter-annual settlements are made, shall receive whatever excess may be paid in at that time, and hold the same in the treasury; but the act of setting it apart to the general revenue fund does not take place until after the last and final settlement with the county court shall have been made; because prior to that time it can not be known whether the amount of fees collected and chargeable against the clerk for the entire year will exceed his salary for the year, and, unless they do, there would be nothing in the treasury to cover into the general revenue fund. If, at any quarter annual settlement, there shall have been paid into the treasury an excess over the salary due at that date, the treasurer simply holds the same in his official capacity until the final settlement of the officer is made. The treasurer holds such excess of any quarter annual settlement prior to the last for the party who shall be determined, in the final settlement of accounts between the county and officer, to be entitled thereto.

What we said in *Independence County* v. *Young,* *supra,* had reference, under the facts of that case, to a final settlement of the salary due the officer for a period of one year. But, under the facts of this record, the doctrine of that case is equally applicable to a final settlement for a period embracing the entire term of the officer. If, as we have already stated, it was the intention of the Legislature to fix the officer's salary at a sum not exceeding $2,200 per annum for his entire term of office, then this case is concluded, by analogy in principle, by the construction given the similar statute in *Independence County* v. *Young, supra.*

(2) . Under the statute, while the officer had to make annual settlements with the county court and pay over to the treasurer of the county all funds received by him in excess of his salary for the year, these settlements, under the doctrine of the above case, were not final settlements as to the amount of salary that might be due the officer on final settlement at the end of his term. At such final settlement it was the duty of the county court to determine whether the fees collected by the officer and those uncollected but with which he was charged, and which it was his duty to collect, during his entire term of office, had been sufficient to pay his salary during such term at the rate of $2,200 per annum. If the fees did not equal the salary, then he received as salary all he collected during the entire term, and if the fees were in excess of that sum, then such excess was due the county, and when paid should be covered into the general revenue fund of the treasury.

It follows that the court erred in not allowing the appellant the amount claimed by him. The judgment is therefore reversed and the cause will be remanded with directions to the circuit court to enter its judgment in accordance with this opinion, and, when so entered, to certify such judgment to the county court to be entered as the judgment of that court.

SMITH, J., (dissenting). The act under considera-
tion is Act No. 296, of the Special and Private Acts of
the 1911 session of the General Assembly. It is found
at page 808 of these acts. Its title is "An act to amend
Act 70 of the Acts of Arkansas for the year 1909, fixing
the fees and salaries of the clerk, sheriff and assessor
of Fulton County, Arkansas." The relevant portions of
the act are set out in the majority opinion.

It is apparent that this is a salary act, and Web-
ster's New International Dictionary defines the word
"salary" as follows: "The recompense or considera-
tion paid, or stipulated to be paid, to a person at regular
intervals for services; fixed regular wages, as by the
year, quarter, or month; stipend." What salary is fixed
by this act for the sheriff of Fulton County? And for
what period of time is it fixed? Is the salary a monthly
one, an annual one, or is it so much per term?

In answer to this question, it might be said that it
is easily conceivable that a state of facts might be shown
which would make plausible the argument that the en-
tire act is unconstitutional and void, inasmuch as it abol-
ishes a constitutional office by fixing the emoluments
thereof at a sum so small that competent persons can
not be secured to discharge the functions of that office.
But the majority have given relief in another manner.
They have placed upon the act the ameliorating wand of
construction, and the most beneficient results appear. I
shall not, therefore, discuss the merits of this act, but
only its meaning. *Hic jacet et de mortuis nil nisi bonum!*

At the time of the passage of this act, the term of
office of a sheriff commenced on the 31st of October, and
of course expired on that date. Section 4 of the act re-
quires the sheriff to make a settlement on the first day of
the regular July term of the county court. In its wisdom,
the Legislature saw fit not to make the official year of
one's incumbency in office coincide with the fiscal year for
which his settlements should be made. One year runs from
October to October; the other year runs from July to

July. It is apparent, therefore, that the fees collected by a sheriff during one term of office would be accounted for, in whole or in part, in three separate settlements. There is no controversy about this construction of the act. Appellant made his settlements accordingly. The first report covered his fees and commissions from the time of his installation in office to the first regular July term of the court thereafter. And during this period he had collected $1,777.29. This sum was $310.65 in excess of the sum then due him, and he paid this excess into the county treasury. The agreed statement of facts so stipulates. His second report covered fees and commissions for one full year running from July, 1915, to July, 1916, during which time his collections amounted to $1,984.78. The third report covered the fees and commissions for the remainder of the term from July, 1916, to its expiration, and amounted to $358.08. During the period of time covered by the first report, there was an excess; during the periods of time covered by the two subsequent reports, there was a deficiency. The opinion of the majority allows the sheriff and collector to take this excess, which arose in one year, after having made a settlement and having paid over to the county treasurer the excess, and apply it to a deficiency in one or the other, or both, of the subsequent settlements which he made pursuant to the law.

As passed by the Legislature, this act provided that the fees and salary of the sheriff and collector shall not exceed the sum of $2,200 *per annum.* It also provided that he should make a full report of all his fees charged and collected on the first day of the regular July term of the county court and, if there were an excess, to pay that excess into the county treasury; and if anything were necessary to give finality to this settlement, section 9 expressly provides that this excess "shall be covered into the general revenue funds of said county, and charged to the treasury by the clerk." Under the con-

struction of this act given by the majority, the collector must still make this settlement, but it loses all of its elements of finality.  He makes the settlement, but he does so tentatively.  He pays the money into the treasury, but he does so with the mental reservation that he may later take it out.  Notwithstanding the provision of the act, that this excess shall be covered into the general revenue funds of the county, and charged to the treasury, it becames necessary, under the majority opinion, to indulge the legal fiction that in some unknown way the treasurer will hold these funds until the end of the officer's term of office.  This must be true, otherwise the official can not be paid the deficiency, for there is no provision in the act for the county to pay any part of these fees.  The officer can not get them unless he collects them.  It is expressly so provided.  Yet, under the opinion of the majority, notwithstanding the provision, that these funds shall be covered into the general revenue funds of the county and charged to the treasury by the clerk, the fiction is to be indulged that they will not be used, but will remain therein subject to the possible future use of the sheriff to supply a deficiency existing in any of the periods of time covered by any one of his reports, during any one term of office.

The necessary effect and result of the construction of this act by the majority is to make it read that the sheriff shall receive, during his term of office, the sum of $4,400 provided he collects it.  It becomes immaterial, for all practical purposes, during which year he collects it, provided the collection is made during the term of office.  The court has construed this act to mean that the salary shall be $4,400 per term, and may be collected at any time during the term.  The opinion of the majority also makes the fiscal year coincident with the official year, and it, therefore, becomes practically immaterial at which term of the court the settlement is made, because it remains provisional and tentative until the expiration of the term of office, at which time only can it

be known whether or not the sheriff will have collected a sum in excess of $4,400.

The answers contained in the act to the following questions would appear to be decisive of the point at issue: Q. What is the purpose of the act? A. To fix the maximum salary of the sheriff and certain other officers of Fulton County. Q. At what sum is the sheriff's salary fixed? A. Not to exceed $2,200. Q. For what time is it fixed? A. It is a salary *per annum.* Q. What special features does the act contain? A. "The design of the Legislature, we think, was to fix the salary of the sheriff of Fulton County (county clerk of Independence County) at the sum of $2,200 ($1,800) per annum, provided the fees and emoluments of the office for the year amounted to that sum. If the fees and commissions collected by or chargeable against the sheriff (clerk) during the year do not equal the sum of $2,200 ($1,800), then the sheriff (clerk) gets as salary all he collects, but if the fees and commissions collected during the year, including the fees and commissions with which the sheriff (clerk) is chargeable, equal or exceed $2,200 ($1,800), then the sheriff (clerk) receives that sum, and if there be an excess of that sum collected during the entire year, such excess at the end of the year, when the last or final settlement is made with the county court, is covered into the general revenue fund of the treasury. The title of the act shows its purpose to be 'to fix the fees and salaries of the county officers of Fulton (Independence) County.' We are of the opinion, taking the act as a whole, that the purpose, as we have indicated, was to fix the salary of the sheriff (county clerk) at the maximum limit of $2,200 ($1,800) per annum, to be paid out of the fees of the office collected and those not collected with which the sheriff (clerk) is chargeable during the year."

The language quoted is taken from the opinion in the case of *Independence County* v. *Young,* 66 Ark. 30, where an act of the General Assembly, fixing the fees

of the county clerk and certain other officers of Independence County, was under consideration, and, according to the briefs of counsel for appellant here, the act there construed served as a model for the act fixing the salary of the officers of Fulton County, and the majority opinion refers to it as a similar. statute. The question there involved was whether the salary was per quarter or per annum. The question here is whether the salary, is per annum or per term of office. In the former case the language quoted was construed to fix an annual salary, and I think the same language should receive the same construction in this case.

The act, as construed by the court, may be a more equitable one than the act passed by the Legislature, but it occurs to me that it is palpably a case of judicial legislation, and I, therefore, dissent.

The Chief Justice concurs in these views.