ALLEN *v.* DAVIS.

Opinion delivered March 31, 1919.

1. COSTS—DEPENDENT ON STATUTE.—Fees can be taxed as costs only when authorized by statute.

2. COSTS—CONSTRUCTION OF STATUTES.—Statutes allowing costs are strictly construed.

3. COSTS—FEES OF PROSECUTING ATTORNEY.—A deputy prosecuting attorney, under Kirby's Dig., § § 3488, 6390 and 6389, as amended by Acts 1905, p. 560, § 3, is not entitled to fees except when present and prosecuting, and therefore is not entitled to a fee where defendant appeared before a justice of the peace and pleaded guilty before the day set for trial.

Appeal from Craighead Circuit Court, Lake City District; *R. H. Dudley,* Judge; reversed and dismissed.

*J. F. Johnston* and *J. F. Gautney,* for appellant.

The prosecuting attorney *was not present* and prosecuting when the plea of guilty was entered and he was not entitled to the fee. Kirby's Digest, § 6389, as amended by Acts 1905, p. 559. The amendment does not in any way amend or repeal section 6390, which provides that no prosecuting attorney or his deputy shall receive any fee unless he personally appears and prosecutes, etc., It was error to award the mandamus. 103 Ark. 601.

*E. L. Westbrooke,* for appellee.

1. The prosecuting attorney did attend court on the day the cases were set for trial but found that Cato ten days before gone before the justice and plead guilty for the express purpose, as stated by him, of defeating the prosecuting attorney in the collection of his fees. He was clearly entitled to the fees. 85 Ark. 382. The deputy met all the requirements of our statutes. The case in 103 Ark. 601, is not a parallel case. 85 *Id.* 382.

HUMPHREYS, J. This controversy involved the question of whether a deputy prosecuting attorney is entitled to a fee in a gaming case based upon his information filed before a justice of the peace, in which he did not personally appear and prosecute. The facts are that D. C. Joslin, deputy prosecuting attorney in the Lake City District of Craighead County, filed two affidavits against Luther Cato for gaming, before a justice of the peace of Lake City township. The cases were transferred on change of venue to E. Treadway, a justice of the peace in Luster township, and, on a second change of venue, to George Allen, a justice of the peace in said township, and, in that court, set down for trial on September 29, 1917. The deputy prosecuting attorney was present when each change of venue was taken, but did not appear on September 29, 1917. The cases were then set for trial on October 16, 1917. Defendant Cato appeared before the justice of the peace, where the cases were pending on October 6, and pleaded guilty in each of the cases for the purpose of avoiding the payment of a prosecuting attorney's fee. A fine of $10 was imposed

in one case and held up during good behavior. The deputy prosecuting attorney was not present at the time Cato entered the pleas of guilty, but did appear on October 16, the date the cases were set for trial. On that date, the defendant did not appear. The deputy prosecuting attorney directed the justice of the peace to enter a judgment, finding the defendant in one case and to issue a commitment against the defendant in each case. The defendant thereafter paid the fines and cost but did not pay the prosecuting attorney's fee. The record does not show, and there is nothing in the record from which it might be reasonably inferred, that the pleas of guilty were entered for the purpose of avoiding a greater penalty than was imposed. In other words, the record does not contain a suggestion that a larger fine would have been imposed had the prosecuting attorney been present. The only suggestion is that the judgment was collusive in the sense of avoiding the payment of an attorney's fee.

This court is committed to the doctrine that fees can only be taxed as cost when authorized by statute and that statutes allowing such fees "are to be strictly construed and pursued." *Badgett, Ex Parte,* 6 Ark. 280; *Hanna* v. *Pitman,* 25 Ark. 275; *Cole* v. *White County,* 32 Ark. 45; *Fanning* v. *State,* 47 Ark. 442; *Logan County* v. *Trimm,* 57 Ark. 487; *Peay* v. *Pulaski County,* 103 Ark. 601. The only authority for the allowance of fees to the deputy prosecuting attorney is to be found in sections 3488 and 6390 of Kirby's Digest, and in section 3, Act 220, Acts 1905, amending section 6389 of Kirby's Digest, which latter amended section is applicable to certain counties, including Craighead, where these gaming cases were filed. The change made in section 6389, Kirby's Digest, by amendment, did not affect the construction placed upon that section by this court in the case of *Peay* v. *Pulaski County, supra.* It was decided in that case, under sections 3488, 6389 and 6390 of Kirby's Digest, that deputy prosecuting attorneys were entitled to fees only when they were present and prosecuting, and that a justice of the peace had no authority or jurisdiction

under said sections to render judgment in favor of deputy prosecuting attorneys unless they were present and prosecuting. In the course of the opinion the court took occasion to say: "The presence of the prosecuting attorney, or his deputy in person, under the above statutes (referring to the statutes above cited) is essential to his right to recover the fee in the first place, and also to the jurisdiction of the justice to render a judgment in his favor for such fee." The undisputed facts in the instant case show that the deputy prosecuting attorney was not present on the 6th day of October, 1917, when the defendant, Luther Cato, in the gaming cases, appeared and entered a plea of guilty in each of the cases; that the court was not opened and the cases prosecuted or pleas of guilty accepted on the 16th of October, to which time the cases had been continued, and at which time the deputy prosecuting attorney was present. We think, under the facts, the instant case is ruled by the case of *Peay* v. *Pulaski County, supra.*

The judgment of the court, in effect holding that the deputy prosecuting attorney, appellee, was entitled to fees, is reversed and the complaint is dismissed.

Justices WOOD and HART dissent.