HARDIN *v.* FORT SMITH DISTRICT OF SEBASTIAN COUNTY.

Opinion delivered March 1, 1920.

1. PROSECUTING ATTORNEYS—SALARY—PAYMENT.—Acts 1919, page 248, fixing the amount of compensation of the prosecuting attoreny of the twelfth judicial district, and apportioning its payment between the State treasury and the counties of the district, did not contemplate its payment out of the general revenues of the counties, but out of the fees actually received and paid into the treasury of such counties.

2. PROSECUTING ATTORNEYS—PAYMENT OF SALARY.—Under the above act, the prosecuting attorney is entitled to full salary if earned fees paid into the county treasuries during his full term of office amount to that much, and the fact that the earned fees in a given month are insufficient to pay his salary for that month is no reason why the salary should not subsequently be allowed and paid if the earned and collected fees during the term are sufficient to pay the whole salary.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara*, Judge; affirmed.

*Edward P. Hardin, Covington & Grant* and *George W. Dodd,* for appellant.

The case in 215 S. W. 709 settles the only question raised here, that the county is liable for the salary claimed under Acts 1919, No. 337. The meaning of the Legislature is determined from the language of the act. 36 Cyc. 1116; 104 Ark. 597; 36 Cyc. 1114. The act fixing the salary is not unconstitutional and the judgment should be reversed. 132 Ark. 245.

*Vincent M. Miles,* for appellee.

The question raised, whether the prosecuting attorney is entitled to the compensation fixed by the act

March 22, 1919, regardless of the amount of fees earned by him and paid into the county treasury or whether he must earn the compensation fixed by the act before he receives it. The constitutionality of the act was settled in 140 Ark. 398. The act was a limitation upon the amount the prosecuting attorney should receive from the fees and perquisites collected by him and turned into the county treasury. 85 Ark. 89; 215 S. W. 709.

McCULLOCH, C. J. Appellant is the prosecuting attorney for the Twelfth Judicial District, which is composed of Scott and Sebastian counties, and he has appealed from a judgment of the circuit court, rendered on appeal from the county court for the Fort Smith District of Sebastian County, refusing to order a warrant on the treasury for the amount of his compensation, as fixed by statute, for the month of November, 1919.

The General Assembly of 1919 (Acts 1919, p. 248) enacted a statute fixing the amount of compensation of the prosecuting attorney of that circuit to be paid by each of the respective counties, and by each of the two districts of Sebastian County. The total amount of compensation, in addition to the salary of $200 to be paid out of the State treasury, was fixed at the sum of $2,700, of which the sum of $1,800 was apportioned to the Fort Smith District of Sebastian County.

The statute was construed by this court in the recent case of *Dobbs* v. *Holland,* 140 Ark. 398. The constitutionality of the statute was attacked on the ground that the office of prosecuting attorney is a State office, and that the Legislature cannot put the office on a salary basis to be paid out of the funds of the respective counties. This court upheld the validity of the statute, however, and as a reason for the decision it was held that the effect of the statute was to provide for compensation payable out of fees earned by the prosecuting attorney as fixed by statute and paid into the county treasury. In disposing of the matter, the court stated in the opinion that it is "a fair construction of the act to say that the Legis-

lature intended that the compensation fixed in the act should be paid out of the fees which the act provided should be collected and paid into the county treasury.'' The conclusion of the court was summed up in the last sentence of the opinion as follows:

''We conclude, therefore, that the salary of the prosecuting attorney has not been increased beyond the constitutional limitation, but that a compensation has been fixed payable out of the fees which he earns, and that the act does not, therefore, offend against the Constitution.''

There is no escape from the effect of the decision in that case that it was not intended that the prosecuting attorney should receive compensation out of the general revenues of the counties, but that the amount of compensation to be paid out of the treasury was to be limited to the amount of fees actually received and paid.

It appears that the fund in the treasury accruing from earned fees of the prosecuting attorney has been exhausted by warrants drawn for the salary of previous months, and the judgment of the circuit court in refusing to order a warrant on the treasury was, therefore, correct.

We deem it not inappropriate to say at this time, in order to avoid future controversy on the subject, that the prosecuting attorney is entitled to the full amount of the salary if the earned fees during his full term of office amounts to that much. The salary is payable in monthly installments, but the fact that the earned fees in a given month are insufficient to pay the salary for that month is no reason why the salary should not subsequently be allowed and paid if the earned and collected fees during the term are sufficient to pay the whole salary. The case is in this respect controlled by the decision of this court in the case of *Rowden* v. *Fulton County,* 132 Ark. 245.

Judgment affirmed.

HUMPHREYS, J., dissents.