PRAIRIE COUNTY *v*. RADICAN.

Opinion delivered July 4, 1927.

1. OFFICERS—CONSTRUCTION OF STATUTE FIXING COMPENSATION.— Where a provision of law fixing the compensation of an officer is not clear, it should be given the construction which is most favorable to the government.

2. COUNTIES—COMPENSATION OF COUNTY SURVEYOR.—Where the county judge ordered the county surveyor as such to do certain work in connection with the county roads, the surveyor was not entitled to recover more than $5 a day under Crawford & Moses' Dig., § 4596, as amended by Acts 1921, p. 298, § 1, and an agreement between the county judge and the surveyor that the compensation therefor should be $10 a day was unauthorized.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark*, Judge; reversed.

*W. J. Waggoner, Gregory & Holtzendorff, Trimble & Trimble* and *Chas. A. Walls*, for appellant.

*Cooper* and *John D. Thweatt*, for appellee.

WOOD, J. W. Radican, the county surveyor of Prairie County, was directed by the county judge of that county to do some surveying where certain contractors were building and repairing public roads of the county. The county judge agreed with Radican that he should receive $10 a day for himself and $2.50 a day for his helper. The county judge endeavored to have the county surveyor do the work for $5 per day, but Radican refused, stating that he could not do it as county surveyor. The county judge directed him to do the work as civil engineer, and the judge stated that he did not expect Radican to do the work because he was the county surveyor. He

had confidence in his ability, and employed him to do the work as civil engineer and not as county surveyor.

Radican testified that his duties were to survey lines and locate corners as county surveyor. He had done similar work for other engineers, and charged $10 per day and his expenses. He had been doing other work, such as laying out corners, surveying rice farms, levee work and ditch work for years, and had been getting $10 per day. The customary price for such work was between ten and twenty dollars per day. When the work was completed he presented his claim to the county court, charging for such work the sum of $10 per day. The total amount of the claim presented was $195, but only $140 of this was for work done under the direction of the county judge. Witness was issued scrip for the sum of $140. The county court of Prairie County called in all outstanding warrants for reclassification, and Radican's warrants were reclassified and ordered reissued on the basis of $5 per day instead of $10 per day, as claimed by him.

The issue as to whether Radican was entitled to $10 per day for his services instead of $5 per day reached the circuit court on appeal. That court held that he was entitled to $10 per day for his services, and rendered a judgment in his favor for the entire sum claimed by him against the county, holding that he was entitled to the sum of $10 per day for his services under the contract with the county judge. From that judgment the county duly prosecutes this appeal.

Section 4596 of Crawford & Moses' Digest provides that the county surveyor shall be allowed fees as follows: for each day he may be engaged, either under order of the court or otherwise, $5. This section of the Digest was amended by act 224 of the Acts of 1921 so as to read as follows: "For each and every day he may be engaged, either under an order of court or otherwise, $5. The term 'each day he may be engaged' shall include the day or days necessarily required in going from the home

of the surveyor to the premises to be surveyed and then returning to his home.''

The only question for decision is whether or not, under the above statute, the county judge of Prairie County was authorized to employ the appellee, who was surveyor of the county, to perform the services which he rendered the county and to pay him for such services the sum of $10 per day. The statute is unambiguous, and leaves no room for construction. The work was done by the appellee for Prairie County under the order of the county judge.

Sections 6985 to 7091, Crawford & Moses' Digest, inclusive, is a chapter designated ''Logs and Logging.'' Under that chapter the county surveyors are, by virtue of their office, made timber inspectors, and when they are called upon, as they may be under the provisions of that chapter, by the owners of logs, timber or lumber, to perform duties prescribed by that chapter in the scaling and measurement of logs, etc., they are allowed for that service certain fees therein designated. See § 7003, C. & M. Digest. Sections 1861 to 1866 define certain duties of county surveyors with reference to making surveys of county lines when called upon by the county courts, and prescribe compensation for such services. Section 1866 provides: ''The accounts of such surveyors shall be paid by their respective counties and each surveyor shall be allowed the sum of four dollars for each mile surveyed and marked and five cents per mile for traveling from his place of residence to such line and back.'' Sections 1884 to 1905, inclusive, define and prescribe certain other duties and obligations of the county surveyor. Sections 5232, 5242 and 5243 prescribe the duties of county surveyors with reference to assisting viewers, when called upon, in laying out and surveying or altering any roads that may be ordered laid out, surveyed, or altered by the county court. The compensation allowed surveyors under § 5243, *supra*, is $5 per day for each day necessarily employed therein be charged as costs and expenses paid out of the county treasury.

Section 9930 of C. & M. Digest provides that the county court may call upon the surveyor to make surveys of sections or parts of sections under certain circumstances therein designated for purposes of taxation, and makes it the duty of the county surveyor to promptly comply with and obey such order of the county court. These are the statutes concerning county surveyors.

Article 6, § 46, of the Constitution of 1874 provides, among other things, for the election of "one county surveyor for the term of two years, with such duties as are now or may be prescribed by law."

Now, it was not contemplated by the framers of the Constitution and the makers of the above statutes that the county judge and the county surveyor could enter into contracts affecting the public service for which they could fix any other compensation for such services than that prescribed by law. In other words, our lawmakers did not intend that public officers should enter into contracts affecting the public service as private individuals and arrange compensation for such services as though private individuals were contracting with each other with reference to the services to be performed. When these officers enter into contracts affecting the public service they cannot divorce themselves from the duties and responsibilities of their office and the compensation fixed by law for such duties; and, unless some special compensation is prescribed for the duties they perform by virtue of their office, they are not allowed to charge extra compensation for same.

In *Allen* v. *Davis*, 138 Ark. 154, 211 S. W. 151, we said: "This court is committed to the doctrine that fees can only be taxed as costs when authorized by statute and that statutes allowing fees are to be strictly construed and pursued." See cases there cited, and, in addition to these, *Independence County* v. *Young*, 66 Ark. 30, 48 S. W. 676; *Darden* v. *Sebastian County*, 73 Ark. 305, 83 S. W. 1048; *Keeling* v. *Searcy County*, 88 Ark. 386, 114 S. W. 925; *Swaim* v. *Lonoke County*, 167 Ark. 225, 268 S. W. 366.

.In the last case it is said: "It is the settled rule of construction of statutes similar to the one under review that, where the provision of law fixing the compensation (of an officer) is not clear, it should be given the construction most favorable to the Government."

The work which appellee was employed to do was in connection with the public roads. The county judge ordered him to do the work, and, while he testified that he did not expect him to do the work as county surveyor, he further testified that, as county judge, he did order the appellee to do the work, and tried to get him to do it for $5 per day. The testimony shows conclusively that the county judge ordered the appellee to do the work, and that it was work on the public roads which the county judge was having done. We believe it conclusively appears from the testimony of the county judge that he ordered the appellee to do the work because he was the county surveyor, for the county judge, in his cross-examination, testified: "I tried to get him to do the work at $5 per day, and he said he couldn't do that. He said he could do it as county surveyor but couldn't do this work for $5 per day." He further testified that he did not expect the appellee to do the work because of the fact that he was county surveyor; that he did not think that he had to do it as county surveyor, but did not know about it.

The only conclusion which reasonable minds can draw from the testimony as a whole is that the county judge, as county judge, ordered the county surveyor, as county surveyor, to do the work in connection with the county roads, and they agreed that the surveyor should have as compensation for his services the sum of $10 per day, when the statute fixes the compensation of the surveyor, when engaged under order of the court or otherwise, at $5 per day.

It follows that the county judge and the surveyor had no authority to enter into such contract under the law. The judgment is therefore reversed, and the cause will be remanded with directions to the circuit court to render

judgment in favor of the appellee for his services in the sum of $5 per day, and to certify its judgment to the county court, with directions to that court to allow the same.