The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701-0336
Dear Representative Dawson:
This is in response to your request for an opinion on whether a mayor of a first class city operating under the city manager form of government can be reimbursed pursuant to A.C.A. §14-47-116(a)(4) (1987) for lost wages for time spent performing mayoral duties.
It is my opinion that the aforementioned statute does not contemplate reimbursement in such instance. Section14-47-116(a)(4) (1987) provides:
 (4) The mayor shall receive no compensation for his duties in such capacity but shall be reimbursed for all actual expenses incurred by him in the discharge of his duties as mayor.
The question presented under the statute is whether "reimburse[ment] for wages lost during time off from work while performing mayoral duties" is an "actual expense incurred" which may be reimbursed under A.C.A. § 14-47-116 (a)(4). It should be noted initially that a public official can only demand such compensation as the law has fixed and authorized for the performance of his official duties. Helena Special SchoolDistrict No. 1 v. Kitchens, 108 Ark. 137, 156 S.W. 441 (1913). It has also been held that statutes fixing the compensation of officers must be construed favorably to the government. PrairieCounty v. Radican, 174 Ark. 622, 296 S.W. 80 (1927).
With these precepts in mind, it is my opinion that the term "actual expenses" does not include wages lost from the mayor's private employment while performing mayoral duties. Rather, in my opinion, the term "actual expenses" was intended to include out-of-pocket expenses for items incurred in the "discharge of his duties as mayor." A.C.A. § 14-47-116(a)(4). These expenses are authorized to be "reimbursed," a word which implies recompensement for funds expended.
In my opinion, therefore, lost wages are not an "actual expense" of the mayor for purposes of A.C.A. § 14-47-116(a)(4). "Reimbursement" for this "expense" would, in my opinion, come nearer being "compensation" which is prohibited by the statute.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I assume from your reference to A.C.A. § 14-47-116 (a)(4), that the provisions of A.C.A. § 14-61-110 (Cum. Supp. 1991) have not been implemented.